**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID WATSON,

    Plaintiff,                             CASE NO. 08-CV-12873

*v.*                                        DISTRICT JUDGE ROBERT H. CLELAND
                                           MAGISTRATE JUDGE CHARLES E. BINDER

MICHIGAN DEPARTMENT OF
CORRECTIONS;
REGIONAL HEALTH CARE
ADMINISTRATOR;
GOLDBERGER, DOCTOR;
SRF MEDICAL DEPARTMENT,
Saginaw Correctional Facility;
SRF MEDICAL STAFF,
Saginaw Correctional Facility;

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON MOTION TO DISMISS BY DEFENDANTS MDOC, REGIONAL
HEALTH CARE ADMINISTRATOR, AND SRF MEDICAL STAFF**
(Doc. 20)
**MOTION TO DISMISS BY DEFENDANT GOLDBERGER**
(Doc. 23)
**PLAINTIFF'S MOTION TO AMEND**
(Doc. 25)


**I.**     **RECOMMENDATION**

    For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' motions be

**GRANTED**, that Plaintiff's motion be **DENIED**, and that the case be dismissed in its entirety.

## II. REPORT

### A. Background

Plaintiff David Watson, a Michigan inmate, filed this prisoner civil rights action on July 7, 2008. Plaintiff's application to proceed without prepayment of fees was granted on July 16, 2008. The case was referred to the undersigned magistrate judge for pretrial management on September 29, 2008. (Doc. 9.)

Plaintiff was convicted of first degree murder by a jury in Wayne County, Michigan, and was sentenced to life in prison in May 2001. He is currently incarcerated by the Michigan Department of Corrections ("MDOC") at the Saginaw Regional Correctional Facility ("SRF") in Freeland, Michigan. The events giving rise to his lawsuit occurred at SRF in 2006. On June 12, 2006, Plaintiff underwent surgery for a torn Achilles tendon at St. Mary's Hospital in Saginaw, Michigan. Dr. Danielle Duncan performed the surgery. Plaintiff's discharge instructions stated that he was to wear a brace at all times other than for hygiene, exercises, and application of lotion, and further instructed, "no weight bearing on right leg." (Compl., Doc. 1 at 16.[1])

Plaintiff alleges that on June 29, 2006, he slipped and fell in the 300 building of SRF. (Compl. at 2.) He states that "the morning after the injury, Plaintiff had his cellmate . . . inform the Corrections Officers . . . that Plaintiff needed medical assistance." (*Id*.) Plaintiff states that he was "suffering that day from [the] previous surgery on his right achilles tendon and was placed in a half cast by Dr. Duncan at St. Mary's Hospital in Saginaw, Michigan." (*Id*.) Plaintiff alleges that "the reason for the actual fall was the Gross Negligence, and deliberate indifference from Dr.

---

[1]The page number given reflects the page number of the document as it appears in the Court's electronic case filing system.

Goldberg, the SRF Correctional Doctor on staff, and the entire medical staff employed at SRF (Medical Division)." (*Id.* at 3.)

Plaintiff further claims that the injury was caused by Dr. Goldberg's denial of a wheelchair, which he states was "ordered" by Dr. Duncan. (*Id.*)  The documentation Plaintiff attached to his complaint shows that the discharge instructions did not mention a wheelchair, but that the surgeon recommended a wheelchair for distances greater than 100 feet when she completed an MDOC Bureau of Health Care Services' "CMS Specialty Consult Report" form. (*Id.* at 19.)  When Plaintiff returned to the hospital for a follow-up appointment on July 1, 2006, one of his discharge instructions stated, "continue to prescribe wheelchair for distance over 100 feet, for the next 2 weeks or until 1st 2 weeks of therapy is complete." (*Id.* at 23.)  Still, Plaintiff was not given the use of a wheelchair.  He claims that

> because of a[n] obvious medical need plaintiff was denied, he was caused more physical harm and permanent injury.  Plaintiff suffered serious personal injuries to his person, mental anguish, pain and suffering, loss of enjoyment of life, unjustified misconducts, humiliation, embarrassment, degradation, and incurred medical expenses, all past, present and future.

(*Id.* at 4.)

Plaintiff sets forth five counts in his complaint:  (Count I) Denial of Medical Needs; (Count II) Gross Negligence; (Count III) Vicarious Liability – M.D.O.C., Regional Health Care Administrator; (Count IV) 42 U.S.C. Section 1983 and Michigan Constitutional Deprivation; and (Count V) 42 U.S.C. Section 1983 Law Constitutional Deprivation Municipal/Supervisory Liability.  He seeks compensatory and punitive damages in excess of $75,000 as well as costs, interest, and attorney fees. (*Id.* at 14.)

Three motions are before the Court.  On November 20, 2008, Defendants MDOC, Regional Health Care Administrator, and SRF Medical Staff ("the MDOC defendants") filed a motion to

3

dismiss. (Doc. 20.) Plaintiff has responded in opposition to the motion (Doc. 24), and Defendants have filed a reply. (Doc. 28.) On December 18, 2008, Defendant Goldberg filed a motion to dismiss. (Doc. 23.) Plaintiff has filed a response (Doc. 29) and Defendant Goldberg has filed a reply. (Doc. 30.) Finally, on December 24, 2008, Plaintiff filed a motion to amend his complaint. (Doc. 25.) All Defendants have responded in opposition to this motion. (Doc. 26, 28.)

Upon review of the documents, I conclude that, pursuant to E.D. Mich. LR 7.1(e)(2), these motions are ready for Report and Recommendation without oral argument.

### B.     Motion Standards

In facing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative

4

level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (citations omitted).

### C. Motion to Dismiss by the MDOC Defendants

### 1. Defendant MDOC

Defendant MDOC asserts that the claims against it are barred by the Eleventh Amendment. I suggest that Defendant is correct. It has long been established that, regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Mich.*, 803 F.2d 874, 877 (6th Cir. 1986).

In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the

MDOC) is not a "person"[2] who may be sued under section 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)).

Accordingly, I suggest that Defendant MDOC's motion to dismiss be granted.

### 2. Defendants Regional Health Care Administrator & SRF Medical Staff

Counsel for these defendants asserts that they are entitled to dismissal because Plaintiff does not allege, nor can he, that they had any personal involvement in the alleged deliberate indifference to his serious medical needs. (Doc. 20 at 9.) In response, Plaintiff asserts that he would like to amend his complaint to add the names of the Regional Health Care Administrator and several of the medical staff. (Doc. 24 at 5-8.) He explains that the administrator, Terry Malloy, "was informed of the medical neglect" through the grievance process. (*Id*. at 6.) Specifically, Plaintiff asserts that "Terry Malloy (R.H.C.A.) is personally responsible as an overseer of health services in a numerous amount of attempts to correct the medical negligence against Plaintiff. (Internal Grievance System)." (*Id*. at 8.) Similarly, Plaintiff gives the names of several health care workers who were informed of the denial of the wheelchair and denial of non-perfumed non-alcohol lotion through the grievance process and yet they did nothing to intervene and correct the situation. (*Id*. at 6-7.)

It is beyond dispute that liability under § 1983 must be based on active unconstitutional behavior, not on a failure to act. *See Green v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee*

---

[2]The text of 42 U.S.C. § 1983 provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

6

*v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998) (liability must be based upon active unconstitutional behavior). *See also Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (stating that to establish personal liability of a government official under § 1983, a plaintiff must show that the official *caused* the deprivation of a federal right). In addition, the mere denial of a prisoner's grievance is not sufficient involvement to state a claim of constitutional dimension. *See Alder v. Correctional Medical Servs.*, 73 Fed. App'x 839, 841 (6th Cir. 2003); *Martin v. Harvey*, 14 Fed. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care.").

Furthermore, liability under section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A party cannot be held liable under section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See, e.g., Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir. 1982); *Kesterson v. Moritsugu*, No. 96-5898, 1998 WL 321008, at **4 (6th Cir. 1998) (a plaintiff must "allege that a specific defendant performed a specific act that suffices to state a claim").

Here, the Health Care Administrator and the "medical staff" (who are individually named in Plaintiff's response brief (Doc. 24) and Plaintiff's motion to amend (Doc. 25)) are clearly being included as defendants either because of their supervisory positions or because they learned of Plaintiff's complaints via the grievance process and failed to take action to correct the perceived

7

wrongs. Accordingly, because Plaintiff has not alleged that these defendants were personally involved in or caused the violation of Plaintiff's rights, I suggest that the motion to dismiss be granted and the motion to amend be denied.

### D.      Motion to Dismiss by Defendant Dr. Goldberger

Defendant Goldberger moves for dismissal on the following grounds: (1) Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1983; (2) Plaintiff has failed to state a claim against Dr. Goldberger; (3) the court should not retain jurisdiction over the pendent state law claims. (Doc. 23 at 2.)

#### 1.      Exhaustion of Administrative Remedies

Defendant Goldberger asserts that Plaintiff failed to exhaust his administrative remedies with regard to the claims against him because the only grievance submitted against Dr. Goldberger was filed in an untimely manner.

A prisoner may not bring an action under 42 U.S.C. § 1983 until he has exhausted administrative remedies. 42 U.S.C. § 1997e(a). The plain language of the statute makes exhaustion a mandatory precondition to filing an action in federal court ("No action shall be brought . . . until such administrative remedies as are available are exhausted."). *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998). Accordingly, a prisoner may not exhaust administrative remedies during the pendency of the federal suit. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

The statute requires "proper exhaustion," which means "complet[ing] the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 922-23, 166 L. Ed. 2d 798 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006)). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's

8

requirements, and not the [statute], that define the boundaries of proper exhaustion." *Id.* The Supreme Court has made it clear that a prisoner cannot satisfy the requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford*, 126 S. Ct. at 2382.

In this case, Plaintiff submitted a Step I grievance on July 9, 2006, alleging that on June 12, 2006, when Plaintiff arrived back at the correctional facility following the surgery on his Achilles tendon, Dr. Goldberger refused to order the special non-perfumed non-alcohol lotion or the wheelchair that the surgeon had recommended, and instead Plaintiff had to use crutches. (Grievance No. SRF/2006/07/0849/12D, Doc. 23 at Ex. C.) The grievance was denied at all three steps following an investigation. The Step II response from Nurse Michelle Horton stated that, "An investigation reveals the need for a wheelchair and lotion was reviewed by the medical service provider and found to not be indicated. Disagreement with this determination does not support the claim of deliberate indifference. Treatment has been appropriate." (*Id.*)

Defendant Goldberg points to the MDOC Policy Directive's rule that, after an inmate becomes aware of a grievable issue, he has two business days to attempt to resolve the issue verbally with staff (MDOC PD 03.02.130 ¶ R (eff. 12-19-03), Doc. 23 at Ex. A) and another five days to submit a written Step I grievance. (*Id.* ¶ X.) Therefore, to be timely under the MDOC policy, an inmate must submit a grievance within seven business days from the time he becomes aware of the grievable event. In this case, Plaintiff's grievance clearly states that the "date of incident" was June 12, 2006, and the date of his Step I grievance (the box marked "today's date" on the form) was July 9, 2006, which was 22 business days after the date of incident. Thus, Defendant Goldberger asserts that Plaintiff's grievance was untimely under the MDOC rules and therefore Plaintiff failed to exhaust his administrative remedies.

9

As explained above, the Supreme Court has made it clear that the prison system's requirements define the boundaries of proper exhaustion and that a prisoner cannot satisfy the mandatory threshold exhaustion requirement by filing an untimely grievance or appeal. *Jones & Woodford*, *supra*. Here, the evidence clearly shows that Plaintiff's grievance was not timely under the MDOC's policy requirements. Accordingly, I suggest that Plaintiff's claims against Defendant Dr. Goldberger were not properly exhausted as required by 42 U.S.C. § 1997e, and therefore suggest that Dr. Goldberger's motion to dismiss be granted.

### 2. Eighth Amendment Claim

Alternatively, even if Plaintiff had properly exhausted his claims against Dr. Goldberger for the denial of a wheelchair and special lotion, I nevertheless suggest that the doctor's motion to dismiss should be granted because Plaintiff's allegations fail to rise to the level of an Eighth Amendment violation.

The Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), that the deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain in violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment to the Constitution. The Court explained that "[t]his conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105.

The standard for deliberate indifference is two-pronged, consisting of both a subjective and an objective element. *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321, 2323, 115 L. Ed. 2d 271, 279 (1991). In order to satisfy the objective component of an Eighth Amendment claim, the plaintiff must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); *Stewart*

*v. Love*, 796 F.2d 43, 44 (6th Cir. 1982), or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)). The Constitution "'does not mandate comfortable prisons.'" *Wilson*, 501 U.S. at 298 (quoting *Rhodes*, 452 U.S. at 349). Rather, "routine discomfort 'is part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (quoting *Rhodes*, 452 U.S. at 347).

In cases where an inmate alleges deliberate indifference but the record demonstrates that the inmate received extensive medical attention and is, in essence, filing suit because he disagrees with certain treatment decisions made by the medical staff, the defendant is entitled to summary judgment. *See Westlake v. Lucas,* 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."); *McFarland v. Austin*, 196 Fed. App'x 410, 411 (6th Cir. 2006) ("as the record reveals that McFarland has received some medical attention and McFarland's claims involve a mere difference of opinion between him and medical personnel regarding his treatment, McFarland does not state a claim under the Eighth Amendment"); *White v. Correctional Medical Services*, 94 Fed. App'x 262 (6th Cir. 2004) (where the essence of plaintiff's claims was that he disagreed with the defendants' approaches to his medical treatment, dismissal of complaint for failure to state a claim was affirmed)*; Selby v. Martin*, 84 Fed. App'x 496, 499 (6th Cir. 2003) ("the record reveals that [plaintiff] not only received a medical evaluation by a nurse and a physician, he also received instructions with regard to daily care of his abrasions. Thus, the record

11

clearly reveals a competent and conscientious course of medical treatment, and [plaintiff's] dissatisfaction with his treatment does not state a claim under the Eighth Amendment").

Here, it is undisputed that Plaintiff received extensive medical treatment. Furthermore, the actions he alleges violated his constitutional rights were the treatment decisions Plaintiff disagreed with – Dr. Goldberger's decision that Plaintiff could use crutches instead of a wheelchair and that he did not need special fragrance- and alcohol-free lotion to put on his incision. I suggest that these decisions by Dr. Goldberger did not rise to the level of depriving Plaintiff of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298, nor did they offend "evolving standards of decency." *Estelle*, 429 U.S. at 106. Accordingly, I suggest that Plaintiff's claims against Defendant Goldberger fail to rise to the level of an Eighth Amendment violation and therefore the doctor's motion to dismiss should be granted.

### 3. Pendent State Law Claims

Plaintiff's complaint also asserted state law claims of gross negligence and violations of the Michigan Constitution against Defendant Goldberger. I suggest that, pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966), this Court should decline to exercise its discretion to entertain the pendent state law claims. *Id.* at 726 (noting that generally "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.") *See also Hankins v. The Gap, Inc.*, 84 F.3d 797, 802-03 (6th Cir. 1996) (when all federal claims have been dismissed at a pretrial stage and the parties are non-diverse, the district court should decline to exercise supplemental jurisdiction over the surviving state law claims).

### E.     Defendant SRF Medical Department

Plaintiff also listed "SRF Medical Department" as a defendant. I suggest that this defendant was improperly included as a separate defendant because a "department" of an entity is subsumed

within the larger organization, and therefore the organization – in this case the MDOC – is the real party in interest. *See Boykin v. Van Buren Township*, 479 F.3d 444, 450 (6th Cir. 2007). Accordingly, I suggest that Defendant SRF Medical Department is subject to *sua sponte* dismissal because it is not an entity capable of being sued.

### F. Conclusion

Accordingly, I suggest that the motions to dismiss be granted, that Defendant SRF Medical Department be *sua sponte* dismissed, that Plaintiff's motion to amend be denied, and that the case be dismissed with prejudice.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

s/ *Charles E Binder*
CHARLES E. BINDER
Dated: April 7, 2009　　　　　　　　　　　　　United States Magistrate Judge

13

14

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Christine Campbell and Ronald Chapman; and served by first class mail on David Watson, #328560, at Saginaw Correctional Facility, 9625 Pierce Rd., Freeland, MI, 48623-8102.

Date: April 7, 2009          By     s/Jean L. Broucek
                                    Case Manager to Magistrate Judge Binder