**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID WATSON

       Plaintiff,

v.                                Case No. 08-CV-12873

MICHIGAN DEPT. OF CORRECTIONS, et al.

       Defendants.
_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S AND DEFENDANTS' OBJECTIONS, (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (3) DENYING PLAINTIFF'S MOTION TO AMEND, (4) GRANTING MOTIONS TO DISMISS, AND (5) DISMISSING THE MATTER**

Pending before the court are three motions: (1) a motion to dismiss filed by Defendants Michigan Department of Corrections ("MDOC"), Regional Health Care Administrator, and SRF Medical Staff; (2) a motion to dismiss filed by Defendant Goldberger; and, (3) Plaintiff David Watson's motion to amend his complaint. On April 7, 2009, Magistrate Judge Charles E. Binder issued a report and recommendation ("R&R"), recommending that Plaintiff's motion to amend be denied and that the two Defendant motions to dismiss be granted. Plaintiff filed timely objections.[1] For the reasons stated below, the court will overrule Plaintiff's objections, adopt the magistrate judge's R&R, and dismiss the complaint.

---

[1] Defendants also filed objections, which essentially state their acceptance of the R&R and dispute Plaintiff's objections. Defendants' objections, filed on April 27, 2009, are not timely, nor are objections intended to serve as a basis for a party to respond to another party's objections. As such, the court does not now consider Defendants' objections.

## I. BACKGROUND

Plaintiff is a state inmate currently incarcerated at the Saginaw Regional Correctional Facility ("SRF"). (R&R at 2.) Plaintiff received surgery to repair a torn Achilles tendon on June 12, 2006. (*Id.*) The surgeon recommended, via a MDOC Bureau of Health Care Services form, that Plaintiff use a wheelchair for traveling distances over 100 feet. (*Id.* at 3.) Plaintiff alleges that Defendant Goldberg refused to give him a wheelchair, and, as a result, Plaintiff slipped and fell on June 29, 2006. (*Id.* at 2-3.) The fall caused Plaintiff "personal injuries . . . mental anguish, pain and suffering, loss of enjoyment of life, unjustified misconducts, humiliation, embarrassment, degradation, and . . . medical expenses," for which he seeks recovery through five causes of action.[2] (*Id.* at 3.)

On November 20, 2008, Defendants MDOC, Regional Health Care Administrator, and SRF Medical Staff (collectively, the "MDOC defendants") filed a motion to dismiss. (*Id.* at 3-4.) One month later, Defendant Goldberg filed a motion to dismiss. (*Id.* at 4.) Finally, on December 24, 2008, Plaintiff filed a motion to amend his complaint to add additional defendants. (Pl.'s 12/24/08 Mot. at 1.)

## II. STANDARD

### A. Review of Reports and Recommendations

Objections to a magistrate judge's R&R are timely if a party files the objections within ten days of service of a copy of the R&R. 28 U.S.C. § 636(b)(1); E.D. Mich. LR

---

[2] Plaintiff seeks recovery under five counts: (1) Denial of Medical Needs; (2) Gross Negligence; (3) Vicarious Liability for Defendants MDOC and Regional Health Care; (4) 42 U.S.C. § 1983 and Michigan Constitutional Deprivation; and, (5) 42 U.S.C. § 1983 Law Constitutional Deprivation Municipal/Supervisory Liability. (R&R at 3.)

72.1(d)(2).  If objections are not filed within the ten-day period, a party waives any further right to appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  The filing of timely objections to a magistrate judge's R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).  The court may "receive further evidence" if desired.  *Id.*

A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context.  A party who files timely objections to a magistrate judge's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."  *Walters*, 638 F.2d at 949-50.  The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case.  The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id.* at 147 (footnote omitted).

### III.  DISCUSSION

### A.  Plaintiff's Motion to Amend

Plaintiff filed a motion to amend his complaint on December 24, 2008, seeking to drop Defendants SRF Medical Department and SRF Medical Staff, and replace those organizations with what would appear to be their respective employees.  (Pl.'s 12/24/08 Mot., listing "(SRF)" after individual names.)  Plaintiff cites Federal Rule of Civil Procedure 15 in his motion, which allows "[a] party [to] amend its pleading once as a matter of course . . . before being served with a response pleading."  Fed. R. Civ. P. 15(a)(1).  Here, at least one defendant served an answer on November 20, 2008, well before Plaintiff filed his motion to amend.  Thus, Plaintiff may only amend his complaint "with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant . . . , undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be freely given."  *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation omitted).

As is more fully discussed below in the context of Defendants Regional Healthcare and SRF Medical Staff's motion to dismiss, Plaintiff does not allege any individual, active unconstitutional behavior on the part of Defendants' employees he now wishes to add.  In fact, in his complaint, Plaintiff states it was the "the Gross Negligence of SRF medical staff (Goldberg)" that caused his injuries.  (Pl.'s Compl. at 3.)  Thus, and although the magistrate judge did not provide analysis of Plaintiff's

motion to amend, the court concludes granting the motion would be futile, as the named individual defendants would not properly be in this suit. Plaintiff's objection that the court "should also GRANT the motion to amend defendants" (Pl.'s Objs. at 5) provides no reasoning for the court to conclude otherwise.

### B. Defendants Regional Health Care & SRF Medical Staff's Motion to Dismiss

The magistrate judge correctly reasoned that 42 U.S.C. § 1983 liability must be premised on active unconstitutional behavior, not on a mere failure to act or an employer's failure to supervise its employees, as Plaintiff has alleged against these Defendants. (R&R at 6-7); *see also Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) ("At a minimum a plaintiff must show that the [employer] at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending [employees]") (quoting *Hays v. Jefferson County, Kentucky*, 668 F.2d 869, 874 (6th Cir. 1982)). Plaintiff has not stated any facts – either explicit or implied – for the court to find illicit authorization or approval by Defendants. Indeed, beyond his current objection that "[a]t one point or a [sic] another all defendants named within had some direct contact either physical or administrative" (Pl.'s Objs. at 4), Plaintiff provides nothing for the court to identify a level of personal involvement, either by the organizational Defendants or their employees (as identified, by name, in Plaintiff's motion to amend). Therefore, the court agrees with the magistrate judge that these Defendants' motion to dismiss should be granted.

### C. Defendant MDOC's Motion to Dismiss

The magistrate judge recommends that Defendant MDOC's motion to dismiss be granted, as it is immune from suit under the Eleventh Amendment to the United States

5

Constitution. (R&R at 5.) The court agrees. As alleged by Plaintiff, MDOC is a "municipal corporation" (Pl.'s Compl. at 1), and a department of the state of Michigan. Plaintiff seeks to bring a suit, sounding in tort law, against this Defendant in its organizational capacity. (*Id.* at 6-7.) It is well-settled that "the MDOC, as an arm of the State of Michigan, is entitled to sovereign immunity. The Eleventh Amendment bars a suit against a state in federal court unless the state has waived its sovereign immunity or unequivocally consents to be sued." *See, e.g.*, *Turnboe v. Stegall*, 234 F.3d 1270, 2000 WL 1679478, *2 (6th Cir. Nov. 1, 2000). The magistrate judge cited a plethora of case law for this proposition. (R&R at 5.) Plaintiff objects that the Eleventh Amendment's grant of sovereign immunity works as "a ploy not truth, [because] the [Defendants] named within the civil suit all have complete involvement." (Pl.'s Objs. at 4.) This kind of general objection, however, does little more than state a disagreement with a magistrate judge's analysis, and cites no authority from which this court can conclude that Defendant MDOC is not immune to suit. As such, Plaintiff's objection is overruled and Defendant MDOC's motion to dismiss will be granted.

### D. Defendant Goldberger's Motion to Dismiss

The magistrate judge recommended granting Defendant Goldberger's motion to dismiss based on two alternative grounds. First, the magistrate judge found Plaintiff failed to exhaust his administrative remedies – a prerequisite to bringing this suit. (R&R at 8-10.) The magistrate judge found that Plaintiff submitted a Step I grievance on July 9, 2006, alleging an incident on June 12, 2006. Because the Step I grievance was not filed within five days of the incident, per MDOC procedure, the magistrate judge

6

concluded Plaintiff had "not properly exhausted [his administrative remedies] as required by 42 U.S.C. § 1997e." Upon *de novo* review, the court does not agree.

"[B]oth [a prisoner and MDOC] are obligated to raise objections in the administrative proceedings in order for the issue to be properly before a reviewing court." *Baker v. Vandermark*, No. 07-CV-004, 2007 WL 3244075, *7 (W.D. Mich. Nov. 1, 2007). "If prison administrators choose to consider the merits of an untimely grievance, then the claim has been exhausted." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005); *see also Johnson v. Beardslee*, No. 06-CV-374, 2007 WL 2302378, *3 (W.D. Mich. Aug. 8, 2007); *Threatt v. Arredia*, No. 05-CV-97, 2008 WL 762232, *2 (W.D. Mich. Mar. 19, 2008); *Grear v. Gelabert*, No. 07-CV-293, 2008 WL 474098, *2 (W.D. Mich. Feb. 15, 2008) (where grievance did not name individuals and was untimely, court held that "if a plaintiff takes advantage of the grievance process and a state accepts the plaintiff's grievance and considers it on its merits, then the state will not be heard to complain that the grievance was not properly exhausted."). Here, the response to Plaintiff's Step I grievance does not address any non-compliance with the five-day time limit, and instead reaches its merits, stating:

> Response: Patient stated he needed the wheelchair due to back pain. Physical assessment, x-ray[,] CT scan of the patient['s] back (done at ER) were negative. There was no indication to provide lot[ion]. Patient has transferred no interview was conducted.

(Def. Goldberger's Mot., Ex. C at 2.) The response to Plaintiff's Step II grievance similarly discusses the merits of Plaintiff's grievance:

> An investigation reveals the need for a wheelchair and lotion was reviewed by the medical service provider and found to not be indicated. Disagreement with this determination does not support the claim of deliberate indifference. Treatment has been appropriate.

7

(*Id.*, Ex. C at 4.) Defendant Goldberger cannot now rely on alleged procedural defects where Plaintiff's Step I and Step II grievances were addressed on the merits.

Although this court disagrees with Defendant Goldberger's exhaustion argument, the magistrate judge analyzed an alternative ground under which Defendant Goldberger's motion might be granted. Specifically, the magistrate judge recommended that this court find Plaintiff's allegations do not rise to the level of an Eighth Amendment violation. (R&R at 10.) The magistrate judge applied the correct legal standard in determining that Goldberg's alleged denial of a wheelchair and special lotion does "not rise to the level of depriving Plaintiff of the 'minimal civilized measure of life's necessities.'" (R&R at 12.) Plaintiff admits that the order for a wheelchair was a "recommendation from [his surgeon]." (Pl.'s Compl. at 3.) The magistrate judge concluded, and the court agrees that, at best, Plaintiff disagrees with Defendant Goldberger's decision not to follow this recommendation. Where, as here, Plaintiff has received significant medical attention, a disagreement over the medical treatment or course of action does not state an Eighth Amendment claim. (R&R at 11.) Despite Plaintiff's objections that Goldberger's choice to not prescribe a wheelchair was "barbaric," "inhuman," and "unethical," the court cannot conclude Plaintiff's facts prove anything other than a dispute over the choice of alternative medical treatments. Therefore, the court will grant Defendant Goldberger's motion to dismiss.

### E.  Defendant SRF Medical Department

Finally, the magistrate judge found that Defendant SRF Medical Department was "improperly included as a separate defendant because a 'department' of an entity is subsumed within the larger organization, and therefore the organization – in this case

8

MDOC – is the real party in interest." (R&R at 12-13.) Plaintiff does not object and the court agrees with the magistrate judge's recommendation. Defendant SRF Medical Department will be dismissed from this action.

### IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objections [Dkt. # 32] are OVERRULED and Defendants' objections [Dkt. # 33] are OVERRULED as untimely.

IT IS FURTHER ORDERED that the magistrate judge's April 7, 2009 report and recommendation [Dkt. # 31] is ADOPTED AND INCORPORATED BY REFERENCE.

As a result, IT IS ORDERED that Plaintiff's "Motion to Amend" [Dkt. # 25] is DENIED; Defendants MDOC, Regional Health Care Administrator, and SRF Medical Staff's Motion to Dismiss [Dkt. # 20] is GRANTED; Defendant Goldberger's Motion to Dismiss [Dkt. # 23] is GRANTED; and, Defendant SRF Medical Department is DISMISSED.

Finally, IT IS ORDERED that the matter is DISMISSED with prejudice.

    s/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: April 30
    I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 30, 2009 by electronic and/or ordinary mail.

    s/Lisa G. Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522