UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DAVID WATSON,

       Plaintiff,

v.                                            Case No. 08-CV-12873

MICHIGAN DEPT. OF CORRECTIONS, et al.,

       Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S "MOTION FOR LEAVE TO FILE A LATE MOTION TO PROCEED IN FORMA PAUPERIS" AND "APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL"**

Pending before the court is Plaintiff David Watson's *pro se* "Motion for Leave to File a Late Motion to Proceed In Forma Pauperis" and "Application to Proceed In Forma Pauperis." For the reasons stated below, the court will grant Plaintiff's motion and application.

Plaintiff's prisoner civil rights action was dismissed on April 30, 2009. On June 1, 2009, Plaintiff filed a notice of appeal. Because Plaintiff did not pay the filing fee, on June 4, 2009, the United States Court of Appeals for the Sixth Circuit's Clerk's Office wrote a letter to Plaintiff. The letter informed Plaintiff that he was responsible for paying the filing fee within 30 days, and that if Plaintiff "cannot pay the fee in one lump sum, [Plaintiff] should follow instructions from the District Court so it can determine if the filing fee should be deducted in installments from [Plaintiff's] prison trust account, pursuant to 28 U.S.C. § 1915(b)." Plaintiff alleges that on June 26, 2009, he mailed a motion to proceed *in forma pauperis*. (Pl.'s Mot. ¶ 1.) The court, however, did not receive this

motion. On July 8, 2009, the United States Court of Appeals for the Sixth Circuit dismissed Plaintiff's appeal for want of prosecution because "[t]he proper fee was not paid; nor a motion to proceed in forma pauperis filed in the district court by 7/6/09." (7/8/09 Order.) On August 13, 2009, Plaintiff filed the present motion for leave and an application to proceed *in forma pauperis*.

Plaintiff seeks to proceed *in forma pauperis* because he "does not have the means or sources to supply the $455.00 filing fee." (Pl.'s Mot.) He alleges he timely sent his application to the court via "regular mail" instead of "legal expedited mail," and as a result, the motion was not received by the court. (*Id.*) Pursuant to 28 U.S.C. §1915(a)(1), the court "may authorize the commencement . . . [of an] appeal . . . without prepayment of fees or security." 28 U.S.C. 1915(a)(1). In order to be eligible for the avoidance of prepaying the fees, a petitioner must submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." *Id.*

Even though Plaintiff's case was previously dismissed for want of prosecution, the court will grant Plaintiff's application to proceed *in forma pauperis* on appeal. *See generally United States v. Castano*, 543 F.3d 826, 829 n.1 (6th Cir. 2008); *Farah v. Wellington*, 295 F. App'x 743, 746 (6th Cir. 2008). Plaintiff has filed an affidavit detailing his assets, attesting to his inability to pay the filing fee, detailing the nature of his appeal, and declaring his belief that he is entitled to redress, all as required by 28 U.S.C. §§ 1915(a)(1) and (a)(2). Plaintiff has also included a "Certificate of Prisoner Institutional/Trust Fund Account Activity" that lists a "current spendable balance" of

$24.20 and an average monthly account balance of $15.58, based on Plaintiff's account activity for the last six months.  (Pl.'s App. at 4.)  Plaintiff has provided sufficient documentation for the court to grant his application to proceed without prepayment of the filing fee for this appeal.  28 U.S.C. §1915(a)(1).

Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court.  An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith.  28 U.S.C. § 1915(a)(3).  Plaintiff has no burden to show that her appeal has merit, all that is required is that she has "a rational argument on the law or facts."  *Coppedge v. United States*, 369 U.S. 438, 448 (1962).  In addition, "[t]his threshold level for permitting persons to proceed *in forma pauperis* is not very great and doubts about the substantiality of the issues presented should normally be resolved in the applicant's favor."  *Miranda v. United States*, 458 F.2d 1179, 1181 (6th Cir. 1972).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000).  The court concludes that an appeal in this case may be taken in good faith because "a reasonable person could suppose that the appeal has some merit."  *Id.*  The court will therefore grant Plaintiff's application to proceed *in forma pauperis* on appeal.  Accordingly,

IT IS ORDERED that Plaintiff's "Motion for Leave to File a Late Motion to Proceed in Forma Pauperis" [Dkt. # 44] and "Application to Proceed in Forma Pauperis on Appeal" [Dkt. # 45] are GRANTED. The Plaintiff, a prisoner, must pay the full filing fee of $455.00 for this appeal.  28 U.S.C. § 1915(b)(1).  The court must assess and, if

funds exist, collect an initial partial filing fee.

The custodian of Plaintiff's trust account at the institution where the appellant resides is ORDERED to compute an initial partial payment, twenty percent (20%) of the greater of: (1) the average monthly deposits to Plaintiff's account, or (2) the average monthly balance in Plaintiff's account for the preceding six (6) months. After Plaintiff pays the initial partial filing fee, Plaintiff must make monthly payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's account. 28 U.S.C. § 1915(b)(2).

Further, the custodian of Plaintiff's trust account is DIRECTED to: (1) withdraw or set aside the initial partial filing fee from Plaintiff's trust fund account; (2) forward this amount to the clerk of this court within thirty (30) days of the date of this order; and (3) in subsequent months, or from time to time, forward payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's account to the clerk of this court until Plaintiff has paid the entire filing fee of $455.00. The court will notify the agency having custody of Plaintiff when Plaintiff has paid the entire filing fee.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 14, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 14, 2009, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\08-12873.WATSON.Grant.IFP.npk.wpd